UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WILLIAMS,<br>Plaintiff,<br>v.<br>ACCESS INFORMATION MANAGEMENT SHARED SERVICES, LLC, et al.,<br>Defendants. | Case No. 26-cv-03011-JST<br>**ORDER DENYING MOTION TO REMAND AND DISMISSING DEFENDANT CIMORELLI**<br>Re: ECF Nos. 16, 17 |

Plaintiff James Williams brings this wage-and-hour action against his former employer, Defendant Access Information Management Shared Services, LLC, and one of his former supervisors, Defendant Jeff Cimorelli. Williams filed the case in state court, and Access removed, contending that Cimorelli is a sham defendant whose citizenship should not be considered for purposes of determining this Court's jurisdiction. For the reasons set forth below, the Court agrees with Access and will therefore deny Williams's motion to remand and dismiss Cimorelli from this case.

Williams and Access agree that whether to remand this case turns on whether Williams may be able to state a viable claim against Cimorelli, which in turn depends on whether Williams can adequately allege that Williams was a "director, officer, or managing agent" under California Labor Code section 558.1. That statute provides that "the term 'managing agent' has the same meaning as in subdivision (b) of Section 3294 of the Civil Code." Cal. Labor Code § 558.1(b). A managing agent is "more than a mere supervisory employee." *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 573 (1999). "[T]he term 'managing agent' . . . include[s] only those corporate employees who exercise substantial independent authority and judgment in their corporate decisionmaking so

United States District Court
Northern District of California

that their decisions ultimately determine corporate policy. The scope of a corporate employee's discretion and authority . . . is therefore a question of fact for decision on a case-by-case basis." *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 566–67 (1999).

Williams does not allege Cimorelli's job title or any specific conduct by him. Instead, the complaint includes only the following conclusory allegations: that Cimorelli "was at all relevant times a director, officer, or managing agent of" Access; that "as a director, officer, or managing agent of [Access, he] sufficiently participated [in], influenced, and/or oversaw the activities and operations of [Access], such that [he] is deemed to have contributed to and/or caused the alleged violations herein"; and that, "acting on behalf of" Access, "he is individually liable" for the alleged violations of the California Labor Code "pursuant to California Labor Code section 558.1." ECF No. 1-2 ¶¶ 3–5.

In support of his motion to remand, Williams filed a declaration stating that Cimorelli was his "direct supervisor" for a portion of his employment at Access, and that Cimorelli "had direct authority and oversight over [his] day-to-day work." ECF No. 20-1 ¶ 3. According to Williams, Cimorelli "directed the work at the Livermore facility [where Williams worked] through . . . weekly meetings and by calling and texting [Williams] and other employees during and after [their] shifts." *Id.* ¶ 5.

In support of its opposition to remand, Access submitted a declaration from Cimorelli stating that he was Williams's temporary supervisor for several months and works as a Senior Market Leader for Access, and that he is "not an owner, director, officer, or managing agent of Access." ECF No. 19-1 ¶¶ 2, 4. Cimorelli further declares that his primary responsibilities "involve operational oversight of certain record center locations, including responsibility for facility-level profit and loss performance, and monitoring productivity goals," and that he does not have and has not had "any discretionary authority or control to determine or set Access's wage and hour policies, including policies as to how time is recorded, the provision of meal periods and rest breaks, employee compensation, the payment of wages, including overtime, the format of wage[] statements, the timing of when wages are paid to employees, and other wage and hour matters." *Id.* ¶¶ 5, 8. "Access sets corporate-wide policies and procedures for non-exempt employees,"

which Cimorelli is "not involved in setting," and Cimorelli is "told what the policies are" and is "instructed to follow them." *Id.* ¶¶ 6–7.

Dana Everest, a senior human resources director for Access, filed a declaration explaining that Cimorelli is one of more than 20 Senior Market Leaders in the United States, and that this role "is approximately four levels removed from executive leadership." ECF No. 19-2 ¶ 4. Everest confirms that "Cimorelli does not have the authority or discretion to exercise any actual or discretionary authority or judgment over decisions that ultimately determine Company policy," and that he did not "have authority to alter corporate policy regarding an employee's compensation, the provision of meal periods and rest breaks, the payment of wages, the structure of wage statements, and the timing of when wages are paid to employees." *Id.* ¶ 5.

The facts of this case are on all fours with *Rodriguez v. Residence Inn By Marriott, LLC*, No. 3:23-cv-01504-JAH-BGS, 2023 WL 8234643 (S.D. Cal. Nov. 28, 2023), a case relied on by Access in its opposition and ignored by Williams in his reply. As in *Rodriguez*, the declarations submitted by Access "contain a sufficiently detailed description of [Cimorelli's] job duties and responsibilities, as well as the confined nature, extent, and exercise of his authority and discretion as [a Senior Market Leader], to support a reasonable inference that he did not exercise substantial discretionary authority over significant aspects of [Access's] business." *Id.* at *4 (citation modified). Williams alleges no "facts describing [Cimorelli's] discretion and authority to affect, determine, change, establish, or formulate formal company policy so that he may be considered a managing agent pursuant to California Labor Code § 558.1," and Cimorelli's "discretion and authority to *implement* [Access's] policies and control Plaintiff's work schedule is not in line with the California Supreme Court's definition of a managing agent." *Id.* at *4–5 (emphasis in original). Thus, "the Court finds that Defendant has presented clear and convincing evidence [Williams] is not a managing agent pursuant to California Labor Code § 558.1," and "there is no possibility that a state court would find that the complaint states a cause of action against [Williams] for wage and hour violations." *Id.* at *5 (citation modified). Nor is leave to amend warranted, as William's "complaint does not allege any theories of individual liability against [Cimorelli] that are not reliant upon his status as a managing agent of" Access, the complaint does

United States District Court
Northern District of California

"not allege any facts that would support any other theories of liability beyond the asserted wage and hour claims," and, "while Plaintiff's motion to remand . . . repeatedly argues that it would not be impossible for Plaintiff to cure any potential deficiency in a future amendment, Plaintiff does not provide any proposed amendments for the Court to consider." *Id.* The Court follows *Rodriguez* and concludes that Cimorelli was fraudulently joined, and his citizenship need not be considered for purposes of determining diversity jurisdiction. *Id.*; *accord, e.g.*, *Nguyen v. Ericsson, Inc.*, No. 5:17-cv-06453-EJD, 2018 WL 2836076, at *2–3 (N.D. Cal. June 11, 2018) (concluding that an individual defendant was a sham defendant where he "oversaw the location where Plaintiff worked and supervised the daily work of employees" but lacked any "substantial discretionary authority over a significant aspect of [the company's] business," and where there were no "allegations from which to infer that [the defendant's] decisions created corporate policy").

Williams concedes that, without considering Cimorelli's citizenship, the Court has diversity jurisdiction. His motion to remand is therefore denied.

The Court previously stayed briefing on Cimorelli's motion to dismiss, ECF No. 17, pending resolution of William's motion to remand. ECF No. 18. Given the conclusions in this order, the Court dismisses Cimorelli from this case without leave to amend. Cimorelli's motion to dismiss is terminated as moot.

**IT IS SO ORDERED.**

Dated: October 16, 2026

JON S. TIGAR
United States District Judge